## IN RE BROWN.

Where one was attached for contempt in refusing to obey an order of the district court to pay over to an administrator certain moneys belonging to an estate, and the court, upon examination, discharged the respondent from the attachment, and then committed her to jail till she should obey the order, *held*, that the respondent having appeared, purged the contempt and been discharged without day, the court was without jurisdiction to take any further action in the attachment proceeding, and the commitment was absolutely void.

PETITION for *habeas corpus*. The record in this case which was by agreement of counsel admitted as the return to the writ of *habeas corpus* shows substantially that James Warrant, administrator of the estate of Robert T. Warrant, deceased, filed his affidavit in the county court of Pueblo county, under section 2871 of the General Laws, to the effect that Sarah J. Brown, the petitioner, had in her possession about $304 in money and certain other personal property belonging to the estate of Robert T. Warrant which she refused to account for or deliver to the administrator. She was cited to appear before the county court and show cause why she should not deliver up the property mentioned. At the August term, 1877, the respondent appeared in the county court, and, upon hearing, the court adjudged her not guilty as alleged in the affidavit. The administrator prayed and perfected an appeal to the district court, and upon proceedings had in that court, it was ordered that the respondent deliver up $303, to the administrator upon demand. Upon refusal she was attached for contempt.

The proceedings upon the attachment are stated in the opinion.

Mr. CHARLES E. GAST, for petitioner.

Mr. A. A. BRADFORD, for respondent.

ELBERT, J. This case is presented on demurrer *ore tenus*, to the sheriff's return; the record in the case below being admitted as the return by agreement of counsel.

The petitioner, Sarah J. Brown, is held by a mittimus issued by the district court of the third judicial district, in a proceeding had under the provisions of § 84, ch. 103, Gen. Laws, 961.

The order made by the court upon the hearing under this section was, "that Sarah J. Brown immediately deliver the said sum of $303 to the said James H. Warrant upon his demand therefor." Upon a return of demand and refusal to obey the order of the court, the petitioner was attached for contempt.

A hearing was had on the 3d day of January, 1879, and the following order made :

"This day came the defendant, Sarah J. Brown, in obedience to the writ of attachment heretofore, to wit: on the 27th day of April, A. D. 1878, issued against said defendant to show cause why she should not be punished for contempt of this court in refusing to obey and comply with the order of this court made on the 26th day of April, A. D. 1878, requiring said defendant to immediately deliver the sum of three hundred and three dollars to James H. Warrant, administrator of the estate of Robert T. Warrant, deceased, which it has duly appeared, and yet does appear to the court, is the property of the said Robert T. Warrant, deceased, and said defendant, Sarah J. Brown, having been sworn to make true answers to all such questions as the court should ask concerning the alleged contempt, was interrogated and examined by the court, and, thereupon, being fully advised in the premises : *It is ordered by the court that the defendant be discharged from the said writ of attachment, and that she go thereof without day.* And it is further ordered that a warrant of commitment issue under the seal of this court to the sheriff of Pueblo county, requiring him, the said sheriff, to take and safely keep and imprison the said Sarah J. Brown in the common jail of Pueblo county until she shall obey and comply with the said order of this court requiring her to pay the said James H. Warrant, administrator of the estate of Robert T. War-

rant, deceased, said sum of money appearing to be the property of said Robert T. Warrant, deceased, and that thereafter she be discharged ; and that she pay the costs of these proceedings. And it is further ordered that there be a stay of these proceedings for the space of twenty days from this date."

The proceeding was as for contempt in disobeying the order of the court. It was a proper method by which to enforce obedience to the order made by the court (Code, 121, 122, §§ 321, 323, 333).

The petitioner having appea redand purged the contempt and been discharged by the court without day, the court was without jurisdiction to take any further action in, or make any further order upon the attachment proceeding. It was closed, and the subsequent order committing the petitioner to prison, was without any proceeding to support it. It was without authority of law, and is utterly void.

The demurrer is sustained, and the order of discharge will be entered.

*Demurrer sustained.*